IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAMS & HAUPT, P.C., individually and on behalf of a class of similarly situated businesses and individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTURY BANKOF GEORGIA; FARMERS & MERCHANTS BANK OF SOUTH CAROLINA; FIRST CHATHAM BANK; OPTUS BANK; SOUTH ATLANTIC BANK; UNITED COMMUNITY BANK, INC.; and UNITED COMMUNITY BANK (GEORGIA),<br><br>    Defendants. | CIVIL ACTION NO.: 4:20-cv-160 |

**O R D E R**

Before the Court is the Notice of Voluntary Dismissal, filed by Plaintiff on November 9, 2020. (Doc. 71.) In the filing, Plaintiff notifies the Court of its voluntary dismissal, without prejudice, of all claims asserted against Defendants Farmers & Merchants Bank of South Carolina; First Chatham Bank; Optus Bank; South Atlantic Bank; and United Community Bank (Georgia), none of which have filed an answer or a motion for summary judgment in the case. (Id.) Also pending is a previously-filed Notice of Dismissal, filed on August 26, 2020, wherein Plaintiff voluntarily dismissed, without prejudice, its claims against Defendants Truist Financial Corporation; Truist Bank; Synovus Bank; Colony Bank; and Colony Bankcorp., Inc., none of which had filed an answer or a motion for summary judgment in the case. (Doc. 41.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

Because the specified Defendants have not filed answers or motions for summary judgment in this case, the Court **GRANTS** Plaintiff's requests, (docs. 41, 71), and **DISMISSES** Defendants Farmers & Merchants Bank of South Carolina; First Chatham Bank; Optus Bank; South Atlantic Bank; United Community Bank (Georgia); Truist Financial Corporation; Truist Bank; Synovus Bank; Colony Bank; and Colony Bankcorp., Inc. **without prejudice**. See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment . . . .").[1] Between these two filings (and previously-filed dismissals of other Defendants), Plaintiff has dismissed all of its claims against all Defendants that were remaining in the case. Accordingly, the Clerk is hereby authorized and directed to **CLOSE** this case and terminate all pending motions.

**SO ORDERED**, this 1st day of December, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.